[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
The petitioner brings this petition for a writ of habeas corpus alleging that he has been discriminated against. He testified that he had a job for which he was paid during the day, five days per week, training at Voc-Ed. He has a second job on the second shift for which he volunteered, cleaning the block (pod). Because an inmate could not be paid for two jobs, the second one had to be as a volunteer. He had moved up to the laundry as his second job. He did this to keep out of trouble and keep himself busy. However, he was told by Captain Luna that inmates could not do two jobs and he was dismissed from the second. He testified that he did not mind doing this if it applied to everyone and it made paying jobs available to others CT Page 5421 applying for them but that he learned that several others including one Mike Kirby had two jobs and made Captain Luna aware. It did not immediately change except that it was evident that Captain Luna was favoring some inmates. After a grievance he placed against Captain Luna, although he did not get a satisfactory response, the system changed to one job per inmate. At this time he is satisfied with the system and is no longer pressing for the second job. This would effectively conclude the complaint of discrimination since if there was discrimination, the condition has been corrected. However, the specter of retaliation has been raised. The petitioner testified that the morning of this hearing at 3:30 A.M., he received a disciplinary ticket for possession or contraband in his cell which had been "shaken down" the night before at about 11:00 P.M. The contraband was a piece of sand paper. The petitioner testified that he has been in this facility for two and one-half (2 1/2) years without a ticket and has never taken sandpaper from Voc-Ed. The unusual part of this shake down was that, where contraband is found, and the inmate housed there is present, he is immediately confronted with the contraband and the location where found which was not done. Likewise during the hearing, this court observed the attorney for the respondent speak to Captain Luna just prior to asking the petitioner whether he had attended Voc-Ed on Friday, Monday or Tuesday, the date of the hearing being Wednesday. He informed her that the previous week was vacation and Voc-Ed was not in session and Monday and Tuesday the block was in lock-down so that he could not attend. Captain Luna was not called to testify. Although the direct issue of retaliation is not before me, it can implicate the loss of the petitioner's constitutional right to protected speech. Cain v. Lane, 857 F.2d 1139, 1143.
For the above reasons the petition is denied.
Corrigan, JTR